## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MAUREEN RICCIO,

                Plaintiff,

        -against-

VIKING CLIENT SERVICES, INC.

                Defendants.

Civil Case Number: _____

**CIVIL ACTION**

**COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff, MAUREEN RICCIO, (hereinafter "Plaintiff") residing at 563 Glen Ridge Drive South, Bridgewater, New Jersey 08807, by and through her undersigned attorney, alleges against the above-named Defendant, VIKING CLIENT SERVICES, INC. with its principal executive office located at PO Box 59207, Minneapolis, Minnesota 55459-0207, (hereinafter "VIKING"), its employees, agents, and successor alleges the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §1692 *et seq*., the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. §1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. §1692(a).

## PARTIES

5.      The FDCPA, 15 U.S.C. §1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, County of Somerset and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.      Defendant VIKING is a foreign business corporation with its principal executive office located at 7500 Office Ridge Circle, Eden Prairie, Minnesota 55344-3678

8.      Defendant VIKING's mailing address is PO Box 59207, Minneapolis, Minnesota 55459-0207.

9.      Upon information and belief, the principal business purpose of the Defendant VIKING is the collection of debts using the mail, telephone, and facsimile and regularly attempts to collect debts alleged to be due another.

10.     Defendant VIKING is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## STATEMENT OF FACTS

11.     On or about December 12, 2012, Defendant VIKING, contacted Plaintiff in an attempt to collect an alleged debt. *See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

12.     On or about December 21, 2012, Defendant VIKING was notified in writing (via certified mail 7011-0470-0003-1304-7006, regular mail and facsimile) that the undersigned law firm had been retained to represent the interest of Plaintiff in this matter and was instructed to *Cease and Desist* all direct communication with Plaintiff.  . A copy of said writing and proof of receipt is attached hereto as **Exhibit B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

13.     On or about March 20, 2013, Defendant VIKING, communicated directly with Plaintiff by mailing a letter, in an attempt to collect the alleged debt, directly to Plaintiff's home address. A copy of said letter is annexed hereto as **Exhibit C** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

14.     Upon receipt of Defendant VIKINGS' letter dated March 20, 2013, Plaintiff read said letter.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692c(a)(2)

15.     Plaintiff repeats the allegations contained in paragraphs 1 through 14 as if the same were set forth at length.

16.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

17.     Section 1692c(a)(2) of the FDCPA states:

> A debt collector may not communicate with a consumer in connection with the collection of any debt -- *if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of*, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. [emphasis added]

18.     Section 1692c(a)(2) makes it a violation of the FDCPA for a debt collector to communicate with a consumer if the debt collector knows or can readily ascertain that the consumer is represented by an attorney.

19.     Defendant VIKING violated Section 1692c(a)(2) of the FDCPA by mailing a letter directly to Plaintiff when they knew or could have readily ascertained that Plaintiff was represented by an attorney. *See* **Exhibit B.**

20.     By reason thereof, Plaintiff has sustained damages when the Defendant VIKING mailed a letter directly to Plaintiff's home address when they knew or could have readily ascertained that Plaintiff was represented by an attorney

21.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692c(a)(2) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692c(c)

22.     Plaintiff repeats the allegations contained in paragraphs 1 through 21 as if the same were here set forth at length.

23.     Section 1692c(c) of the FDCPA states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
>
> **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
>
> **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

24.     Section 1692a(2) of the FDCPA defines communication as "[T]he conveying of information regarding a debt directly or indirectly to any person through any medium."

25.     Defendants violated Section 1692c(c) of the FDCPA by mailing a direct communication to Plaintiff after Defendant VIKING was informed in writing to "immediately Cease and Desist all direct communication" with Plaintiff. *See* **Exhibit B.**

26.     By reason thereof, Plaintiff has sustained damages when the Defendants mailed a direct communication to Plaintiff's home address.

27.     By reason thereof, Defendants are liable to Plaintiff for declaratory

judgment that Defendants' conduct violated Section 1692c(c) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against the Defendant on each count as follows:

(a)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(b)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(c)     Awarding Plaintiff statutory damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(e)     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
       May 9, 2013

                              */s/ Joseph K. Jones*
                              Joseph K. Jones (JJ-5509)
                              Law Offices of Joseph K. Jones, LLC
                              375 Passaic Avenue, Suite 100
                              Fairfield, New Jersey 07004
                              (973) 227-5900 telephone
                              (973) 244-0019 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 9, 2013

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

# Exhibit

# A





*7500 Office Ridge Circle*
*Eden Prairie MN 55344-3678*

*(952) 944-7575 ♦ 800 318 5064*

SDVIKI10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

December 11, 2012

MAIL ALL CORRESPONDENCE TO:

**VIKING CLIENT SERVICES, INC.**
PO Box 59207
Minneapolis MN 55459-0207

GF2371/180/FOA03/5 -013    932329554

Maureen  Riccio
563 Glen Ridge Dr S
Bridgewater NJ 08807-1636

Account #: ▮▮▮▮▮▮
Amount Due: $9148.17

---

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

VCS Account #: ▮▮▮▮▮

| Creditor | Account # | Amt Owed |
|----------|-----------|----------|
| PNC BANK | XXXXXXXXXXX1389 | 9148.17 |

Since it appears you have not been able to come up with the funds to pay the above account in full, we would like to offer you an opportunity to resolve this matter and at the same time save yourself some money.

If you will send us 50% of the balance listed above we will accept it as settlement for this account. Our client has agreed to this arrangement, so once your payment is received they will not pursue collection on the remaining balance.

This payment must be received in our office by the last day of the current month or this offer is void. Should you need additional time to respond to the offer, please phone us at 1-800-745-5504 prior to the end of the month to make other arrangements.

Sincerely,

*STEVE BELL*
STEVE BELL
*Viking Client Services, Inc.*
800 318 5064

MEMBER

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you wish to pay by credit card, please contact us for more information.

 

1SDVIKI10013(5)

# Exhibit

# B

*Law Offices of*

# Joseph K. Jones, LLC

Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

100 Park Avenue
20th Floor
New York, NY 10017
646-459-7971

*Reply to: New Jersey*

December 21, 2012

Via Facsimile (952) 746-8526 , Certified Mail 7011 0470 0003 1304 7006 and First Class Mail
Viking Client Services, Inc.
PO Box 59207
Minneapolis, MN 55459-0207

Re:     **Maureen Riccio**
        **Creditor: PNC Bank**
        **Account No.: XXXXXXXXXXX1389**
        **VCS Account No.:** ▇▇▇▇▇▇

To Whom It May Concern:

This firm has been retained to represent the interest of Maureen Riccio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Riccio.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New Jersey office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Viking Client Services, Inc., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

/s/ *Joseph K. Jones*

Joseph K. Jones
Attorney at Law

JKJ: dp
cc:

✳ ✳ ✳ Communication Result Report ( Dec. 21. 2012  1:40PM ) ✳ ✳ ✳

1)
2)

Date/Time: Dec. 21. 2012  1:39PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 7754 | Memory TX | 19527468526 | P.  1 | OK | |

Reason for error
E. 1) Hang up or line fail                    E. 2) Busy
E. 3) No answer                               E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

---

Law Offices of
## Joseph K. Jones, LLC
Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-277-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

100 Park Avenue
26ᵗʰ Floor
New York, NY 10017
646-459-7971

Reply to: New Jersey

December 21, 2012

Via Facsimile (952) 746-5526 , Certified Mail 7011 0470 0003 1304 7008 and First Class Mail
Viking Client Services, Inc.
PO Box 59207
Minneapolis, MN 55459-0207

Re:   Maureen Riccio
      Creditor: PNC Bank
      Account No.: XXXXXXXXXXX1389
      VCS Account No.: ███████

To Whom It May Concern:

      This firm has been retained to represent the interest of Maureen Riccio, relative to the above-referenced matter.

      Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately Cease and Desist all collection efforts and communications with Ms. Riccio.

      As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.   Kindly forward all such information to our New Jersey office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Viking Client Services, Inc., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

      Your anticipated cooperation in this matter is appreciated.

                                          Very truly yours,
                                          LAW OFFICES OF JOSEPH K. JONES, LLC

                                          /s/ Joseph K. Jones

                                          Joseph K. Jones
                                          Attorney at Law

JKJ: dp
cc

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X        ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery |

1. Article Addressed to:

Viking Client Services, Inc
PO Box 59207
Minneapolis, MN 55459-0207

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

| 2. Article Number<br>(*Transfer from service label*) | 7011 0470 0003 1304 7006 |
|---|---|

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



Viking Client Services, Inc
PO Box 59207
Minneapolis, MN 55459-0207

# Exhibit

# C

 **VIKING CLIENT SERVICES, INC.**
P.O. BOX 59207
Minneapolis, MN 55459

3/20/2013

GF2371/QT2

LAW OFFICES OF JOSEPH JONES
C/O MAUREEN RICCIO
100 PARK AVENUE, 20TH FLOOR
NEW YORK, NY 10017

RE: PNC Bank
ACCT: XXXX XXXX XXXX 1389

Amount Owed: $9,148.17

Enclosed are the documents that you requested. Upon receipt of these items we ask that you contact our office to discuss them.

Thank you for your anticipated cooperation.

Sincerely,

Mary Lynn
1-877-625-6523, Account Representative
Viking Client Services, Inc.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Please direct correspondence to Viking Client Services Inc., PO Box 59207 Minneapolis, MN 55459.

New York City Department of Consumer Affairs, License Number, #0987255.

7500 Office Ridge Circle – Eden Prairie, MN 55344

Liberty FOREVER
Freedom FOREVER
Justice FOREVER
Equality FOREVER
Liberty FOREVER
Freedom FOREVER
Justice FOREVER
Liberty FOREVER

Maureen Riccio
563 Glen Ridge Dr S
Bridgewater, NJ 08807

VCS
P.O. Box 59207
Minneapolis, MN 55459

Address service requested